UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JEFFREY PISHION,<br><br>Defendant. | Case No. 3:21-cr-00038-MMD-CLB<br><br>ORDER |

## I.  SUMMARY

Defendant Jeffrey Pishion is charged with five counts relating to abusive sexual contact and sexual abuse involving two minors (R.S. and N.S.) within Indian Country. (ECF No. 104 (sealed); ECF No. 103 (unsealed).) Before the Court is Pishion's motion to compel the government to produce: (1) the video of the genital examination of R.S. during her sexual assault examination; (2) the remaining redacted pieces of information from the video of the forensic interview of S.C.;[1] and (3) the contact information for S.C.'s guardian. (ECF No. 99 ("Motion")[2].) For the reasons discussed herein, the Court grants the Motion

---

[1] The government represents that the only remaining redacted information relates to S.C. and R.S.'s usernames on an electronic communication platform. (ECF No. 135 at 1-2.)

[2] The government responded (ECF No. 125) and Pishion replied (ECF No. 129). The government filed a sur-reply (ECF No. 135) with leave of Court. The Court agrees with Pishion that his Motion does not contain confidential medical information of the victim that warrants sealing. The Motion merely references the existence of a genital exam performed on R.S. during her sexual assault examination. Indeed, this issue is already part of the Court's docket because the government's notice of expert testimony states that Debra Robison will testify on various topics, including "her examination of the victims in this case, R.S. and N.S., and the results and lack of results in this case." (ECF No. 90 at 1-2.) The Court accordingly directs the government to file a redacted version of its response to remove any confidential medical or personal information of the victim. For purposes of this order, the Court will cite to the government's sealed response filed as ECF No. 125.

as to the video but otherwise denies it. The Court will stay its ruling as to the video for 72 hours to give the government time to consider whether to seek an interlocutory appeal.

**II.   DISCUSSION**

    **A.   Video of Examination**

Pishion argues that the video examination must be produced under Federal Rule of Criminal Procedure 16(a)(1)(E). (ECF No. 99 at 3-5.) The government counters that it has not viewed the video and does not have actual or constructive possession or control of the video[3] (ECF No. 125 at 3-8), and alternatively, the video is not "material to preparing the defense" in that the video exam's medical findings are favorable to the defense (*id.* at 8). The Court agrees with Pishion.

As pertinent to the Motion, Fed. R. Crim. P. 16 permits a defendant to inspect and copy upon request any items including "tangible objects" within the government's possession, custody, or control that are material to preparing the defendant's defense. *See* Fed. R. Crim. P. 16(a)(1)(E). In determining the government's obligations under Rule 16 to produce items within the government's possession or control, the Ninth Circuit Court of Appeals has instructed that "the scope of the government's inquiry . . . should turn on the extent to which the prosecutor has knowledge of and access to the documents sought by the defendant in each case." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (finding that that the government's duty may include out-of-district documents of which the prosecutor has knowledge and to which the prosecutor has access).[4]

Here, there is no question that the government has knowledge of and access to the video. While the Washoe County Child Advocacy Center ("CAC") conducted R.S.'s examination with R.S.'s consent, the examination was essentially conducted at the government's suggestion—if not direction. The government's counsel explained that "[t]he

---

[3]There is no dispute that the report of the examination has been produced to Pishion. (ECF No. 99 at 2.) The government also noticed Debra Robison, who performed and recorded the examination, as an expert (ECF No. 90), but the government does not intend to offer the video at trial (ECF No. 125 at 2).

[4]*Bryan* involves Rule 16(a)(1)(C), which is the former version of Rule 16(a)(1)(E).

1  case agent and the undersigned had a conversation about the victims having a medical
2  examination with the guardians of the victims, and the FBI victim witness coordinator,
3  Jenny Moses, requested the examination from the CAC." (ECF No. 125 at 3 n.5.) The FBI
4  did not compel the examination, but the examination would not have occurred but for the
5  fact that the government requested it. The government also has access to the report,
6  which supports a finding that the government must therefore have access to the video.
7  That the government elects not to take possession of the video should not absolve it of its
8  duty under Rule 16.

9  The government alternatively contests Pishon's assertion that the video is material
10 to his defense because the examination's findings are favorable to Pishon. But as Pishon
11 points out in reply, this point underscores Pishon's argument that the video contains
12 exculpatory evidence and is necessarily material to his defense and further subject to
13 *Brady* disclosure. (ECF No. 129 at 4.) The government asserts that "it is difficult to see
14 how [the video] would be material." (ECF No. 125 at 8.) But the Court finds the opposite
15 is more accurate—it is difficult to see how evidence favorable to the defense would not be
16 material. Just because the examination report has been produced does not render the
17 video of the examination less material. The two pieces of evidence are qualitatively
18 different, and Pishon is entitled to discovery of both items.[5] Indeed, the gist of the
19 government's objection is that the examination's findings are favorable to Pishon. Despite
20 the government's argument to the contrary, the video is material.

21 "A defendant must make a 'threshold showing of materiality' in order to compel
22 discovery pursuant to Rule 16(a)(1)(E)." *United States v. Budziak*, 697 F.3d 1105, 1111
23 (9th Cir. 2012) (citation omitted). The Court finds that Pishon has made such a showing
24 of materiality to compel disclosure of the video. That said, the video should be subject to
25 a protective order to protect R.S.'s privacy. The Court accordingly directs the parties to
26 submit a joint protective order for the Court's approval.

---

28  [5]The Court of course is not making a determination as to admissibility of the video at trial.

3

### B. Redaction and S.C.'s Guardian's Contact Information

As noted, the disputed, remaining redacted information pertains to S.C. and R.S.'s usernames on an electronic communication platform. (ECF No. 135 at 1-2.) While the proper procedure may be for the parties to negotiate a protective order before the government unilaterally redacts identifying information from discovery materials, the Court is mindful that the government has to balance the need to protect identifying information of minor victims and witnesses. The Court also agrees with the government that its obligations to provide discovery under Rule 16 do not extend to personally-identifiable information of minor victims and witnesses. Where—and as the government represents is the case here—the minor victim's guardian does not want to disclose their contact information, the government does not violate Rule 16 by declining to disclose such information.

Pishion suggests in reply that the redacted information should be disclosed because the entire interview contains *Brady* materials. (ECF No. 129 at 5.) *Brady* obligates a prosecutor to disclose evidence that is "material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963) In *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Supreme Court extended *Brady*'s disclosure requirement to evidence that may impeach a government witness. Materiality—whether the evidence "would have created a reasonable probability of a different result"—is the standard for disclosure. *United States v. Jernigan*, 492 F.3d 1050, 1053 (9th Cir. 2007) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)) (internal quotation marks omitted). The Court agrees with the government that the redacted information relating to S.C. and R.S.'s usernames itself does not amount to evidence subject to *Brady* or *Giglio*.

///
///
///
///
///

The same principles apply to S.C.'s guardian's contact information. The government is not required to disclose this information because the guardian has declined to speak to defense counsel.[6]

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant Jeffrey Pishion's motion to compel (ECF No. 99) is granted in part and denied in part. It is granted as to the video of R.S.'s genital examination during her sexual assault examination. It is denied as to the remaining redacted information from S.C.'s forensic interview and S.C.'s guardian's contact information. The Court's ruling as to the video is stayed for 72 hours to give the government time to evaluate whether to seek an interlocutory appeal.

It is further ordered that the parties must submit a stipulated protected order within seven days from the effective date of the Court's ruling as to the video to ensure that R.S.'s confidentiality is protected. The video must be produced within seven days from the Court's approval of the stipulated protective order.

It is further ordered that the government must file a redacted version of its sealed response to the Motion (ECF No. 125) within five days.

DATED THIS 18th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] The Court has reviewed the documentation of the government's communication with the guardian. (ECF No. 154-1.)

5