# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br>JEFFREY PISHION,<br><br>　　　　　　Defendant. | Case No. 3:21-cr-00038-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Defendant Jeffrey Pishion is charged with five counts relating to abusive sexual contact and sexual abuse involving two minors (R.S. and N.S.) within Indian Country. (ECF No. 103 (unsealed); ECF No. 104 (sealed).) The Court granted Pishion's application to issue a subpoena to the Ron Wood Family Resource Center ("the Center"). (ECF No. 207.) The subpoena compels records relating to the two minors and their father (collectively, "the Records"). (ECF No. 208 (sealed).) In granting the application, the Court found that Pishion demonstrated good cause for issuance of the subpoena after it reviewed the subpoena return materials produced by the Nevada Department of Health and Human Services, Division of Child and Family Services ("DCFS") (ECF No. 128 (sealed)). The Court further directed notice of the subpoena be served on the minors' guardian under Federal Rule of Criminal Procedure 17(c)(3). (ECF No. 207.) In response, minors' counsel moved to quash the subpoena. (ECF No. 226 ("the Motion").)[1] While Pishion has not filed a response, the Court finds that the pending trial warrants the Court addressing the Motion without waiting for a response. For the following reasons, the Court denies the Motion.

---

[1]The Motion is filed under seal, but the Court does not find that the Motion refers to any confidential information to warrant sealing. Accordingly, the Court will permit the minors' counsel to file a supplement to the Motion within five business days to provide compelling reasons to seal the Motion. The Court will direct the Motion to be unsealed in the event a supplement is not timely filed.

**II.   DISCUSSION**

The minors' primary argument for quashing the subpoena is that child welfare records are confidential under federal law and Nevada law.[2] (ECF No. 226 at 2-7.) First, the minors contend that the Records are confidential under the Child Abuse Prevention and Treatment Act ("CAPTA"), 42 U.S.C.A. § 5106a(b)(2)(B)(viii)-(ix), because they contain child abuse and neglect reports. (*Id.* at 3-4, 5-6.) Second, the minors argue that the Records cannot be disclosed because they are confidential child welfare agency reports under NRS § 432B.280. (*Id.* at 4-5, 6-7.) Lastly, the minors rely upon Ninth Circuit caselaw to argue against disclosure of any information maintained by child welfare agencies like the Center. (*Id.* at 7.) The Court addresses each argument in turn.

To start, the Court is unpersuaded that CAPTA prohibits disclosure of the Records in this case. (*Id.* at 3-4, 5-6.) The federal statute's plain language allows a state agency to share confidential records regarding child abuse and neglect with "a grand jury or court, upon a finding that information in the record is necessary for the determination of an issue before the court or grand jury." 42 U.S.C.A. § 5106a(b)(2)(B)(viii)(V). The minors concede this point. (*Id.* at 3-4.) Because Pishion has demonstrated good cause before the Court as to the issuance of the subpoena to the Center, the Court finds that disclosure of the Records would fall under this statutory exception. (ECF No. 207.) Further, the minors fail to cite any caselaw that so broadly interprets CAPTA's confidentiality protections.

Under CAPTA, as the minors note, state laws indicate who may access child abuse and neglect records. (*Id.* at 4.) *See also* 42 U.S.C.A. § 5106a(b)(2)(B)(viii)(VI) (recognizing that entities and individuals "statutorily authorized by the State to receive such information pursuant to a legitimate State purpose" may access records concerning child abuse and neglect). Here, the minors point to NRS § 432B.280 as pertinent Nevada law to argue that "all information maintained by a [sic] child welfare services—such as

---

[2]The minors also argue that the subpoena is unreasonable and oppressive under Federal Rule of Criminal Procedure 17(c). (ECF No. 226 at 2-3.) But in determining that Pishion demonstrated good cause for issuance of the subpoena, the Court necessarily found that the subpoena is reasonable in scope. (ECF No. 207.)

reports and investigations—are confidential." (*Id.*) Like CAPTA, Nevada law creates a statutory exception allowing disclosure of child abuse and neglect records to "a court other than a juvenile court, for in camera inspection only, unless the court determines that public disclosure of the information is necessary for the determination of an issue before it." NRS § 432B.290(2)(e). Moreover, NRS § 432B.290(2) places disclosure of confidential information "at the discretion of the agency which provides child welfare services." The Court is not persuaded to interpret the Nevada statutes so broadly in this case and finds that the Center may disclose the Records.[3] Accordingly, the Court finds that issuance of the subpoena to the Center violates neither federal law nor Nevada law.

Finally, the minors argue that Ninth Circuit caselaw prohibits the Court from disclosing any information maintained by child welfare agencies, such as the Center. (*Id.* at 7.) The minors largely rely on two cases, *Endy v. Cnty. of L.A.*, 975 F.3d 757 (9th Cir. 2020), and *United States v. Ochoa-Sanchez*, 676 F.2d 1283 (9th Cir. 1983), to support this proposition. (*Id.*) The Court is not persuaded to draw upon either case because they are both distinguishable.

First, the minors rely on *Endy* to argue that any information maintained by a child welfare agency is confidential. (*Id.*) This case, however, is distinguishable for two reasons. First, the Ninth Circuit Court of Appeals simply recited California law in stating that child welfare agency information "is confidential, and absent court order," such information "may not be disclosed outside of specified persons or agencies." *Endy*, 975 F.3d at 761. Here, the minors rely on Nevada law, not California law, which likely differs in the scope of protections. Further, the Ninth Circuit contextualized its discussion of the confidentiality of child abuse and neglect records within a Section 1983 suit, not a criminal

---

[3]The minors rely on one Nevada Supreme Court decision, *State Div. of Child & Fam. Servs., Dep't of Hum. Res. v. Eighth Jud. Dist. Ct.*, 81 P.3d 512, 514 (Nev. 2003), to argue against disclosure of the Records under Nevada law. The minors' reliance on this case, however, is misguided. There, the Nevada Supreme Court affirmed the disclosure of DCFS records by a state family court for sibling visitation purposes, not a federal court for a criminal prosecution. *Id.* As such, two different statutory exceptions allowed disclosure—NRS §§ 432B.290(1)(e) and (g), which "allow the family court to make the information available if it is necessary to determine an issue, or if it is sought by the child's attorney or guardian ad litem." *Id.*

prosecution, whereby the plaintiff alleged procedural due process violations, *i.e.*, whether the plaintiff's inclusion in state child abuse databases without notice or a hearing violated his due process and privacy rights. *Id.* at 760.

Second, the minors rely upon *Ochoa-Sanchez* to argue that the Records are irrelevant and that disclosure would "destroy their confidentiality." (*Id.*) Again, this case is clearly distinguishable. Unlike in *Ochoa-Sanchez*, where the defendant's "overbroad" subpoena requested "all information about all past cases in which a prosecution witness, an informant, had provided information to the police," Pishion more narrowly tailors this subpoena. 676 F.2d at 1288. In the subpoena to the Center, Pishion seeks documents and referrals relating to services it provided for the two minors and their father, as well as reports and photos of the father's residence. (ECF No. 226-2 at 4.) *Ochoa-Sanchez* also involves a situation where, unlike Pishion, the defendant "fail[ed] to identify any potentially relevant use for the files" and "acknowledge[d] that the request was designed to determine what materials could be used to impeach the witness." *Id.* (internal quotation marks omitted). Here, relevance is established because the Court already determined that Pishion demonstrated good cause as to the issuance of the subpoena. (ECF No. 207.) Because both *Ochoa-Sanchez* and *Endy* are distinguishable, the Court declines to draw upon these cases to determine whether to grant or deny the Motion.

In sum, the Court finds that the Records are not protected as confidential on the grounds cited by the minors. However, the subpoena return materials may also include privileged medical or counseling and therapy records. The Court previously held that such records are protected from disclosure under the physician-patient and psychotherapist-patient privileges. (ECF No. 187.) Acknowledging the validity and applicability of these privileges, the Court will conduct *in camera* review of the return materials from the Center to identify and exclude any privileged documents before disclosing any of the subpoena return materials to the parties. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 60-61 (1987) (recognizing that *in camera* review serves a defendant's interest "in ensuring a fair trial" as well as the government's need to protect victims' privacy and confidentiality). Requiring

4

*in camera* review also complies with the requirements of NRS § 432B.290(2)(e). The Court will also require that any responsive records it discloses to the parties after review remain confidential, and that all personally identifiable information be redacted before any party introduces a document into evidence. *See* Fed. R. Crim. P. 16(d).

### III.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the minors' motion to quash (ECF No. 226) is denied.

It is further ordered that, once the Court receives materials responsive to the subpoena, if any, it will conduct *in camera* review to identify and exclude any privileged information as found in the Court's prior order (ECF No. 187). Following that review, the Court will make any non-privileged, responsive documents available to the parties for copying and inspection at the Clerk of Court's office.

DATED THIS 17th Day of October 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE