UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br>JEFFREY PISHION,<br><br>        Defendant. | Case No. 3:21-cr-00038-MMD-CLB<br><br>ORDER |

  The Court previously issued three orders addressing motions to quash subpoenas for materials relating to two minor witnesses,[1] and subsequently identified return materials that may be disclosed to the parties ("Return Materials") (*see, e.g.,* ECF No. 197). Before the Court is the government's motion requesting that the Court order the parties to destroy these Return Materials. (ECF No. 268 (sealed) ("Motion").) Defendant opposes the Motion, primarily challenging the Court's jurisdiction to adjudicate the Motion because Defendant was acquitted.[2] (ECF No. 271 (sealed) at 2.) The Court disagrees.

  The relief the government seeks is essentially for the Court to enforce its previous orders requiring that the Return Materials remain confidential. The Court granted Defendant's motions for issuance of subpoenas that resulted in production of the Return Materials because the Court agreed with Defendant that the Return Materials are material to the Defendant's defense and relevant as to the credibility of the minor witnesses. (*See, e.g.,* ECF Nos. 87, 101, 117.) In each of the three orders directing the Return Materials to be shared with the parties, the Court imposed on the parties receiving these materials

---

[1] *See generally* ECF Nos. 171, 187, 232.

[2] Defendant contends the Motion should be denied under LCR 47-3, due to the government's failure to file points and authorities in support of its Motion. But the government presents supportive points and authorities in the Motion, including citations to Fed. R. Crim. P. 17 and the Court's prior orders. (ECF No. 268 (sealed) at 1-2.) The Court finds that the government has complied with LCR 47-3.

the duty to maintain and protect confidentiality. (ECF No. 171 at 1 ("The parties must keep the materials confidential and may not disclose them to any third party without the Court's permission."); ECF No. 187 at 7 ("The Court will also require that any responsive records it discloses to the parties after view remain confidential . . ."); ECF No. 232 at 5 (same).) The Court has inherent authority to enforce its previous orders. *See Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018) (rejecting a broad reading of a jurisdiction-stripping statute because it "would significantly circumscribe our authority to enforce our orders"); *Barnes v. Sea Hawai'i Rafting, LLC*, 444 F. Supp. 3d 1215, 1221-22 (D. Haw. 2020) ("A district court also has the authority to enforce its past orders even while an appeal is pending.") (internal citations omitted). And because Defendant was acquitted, there is no longer a need for the Return Materials to remain with the parties. The best means to ensure confidentiality of the Return Materials is for them to be destroyed. For these reasons, the Court agrees with the government.

It is therefore ordered that the government's motion requesting destruction of return materials (ECF No. 268 (sealed)) is granted. The Court directs each party who received the Return Materials to destroy the Return Materials. Counsel for each party is directed to file a notice of compliance with this order within seven days.

The Court further directs the Clerk's Office to destroy *all* materials submitted to the Court in response to subpoenas issued in this case.

DATED THIS 29th Day of March 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE